Dickman, J.
The Backus Portable Steam Heater Company, a corporation duly incorporated under the laws of the state of New York, filed its petition in the Court of Common Pleas of Defiance county, against Orville E. Atwood, John O. Bowman, and E. H. Whitney, praying for an injunction and other relief. On motion it was ordered that Rodney M. Whipple — the defendant in error — be made a party defendant in the original action, with leave to file an answer and cross-petition; and it was further ordered, that Quimby S. Backus be also made a party defendant. A temporary injunction, as prayed for by Rodney M. Whipple in his cross-petition, was granted by the court of common pleas against The Backus Portable Steam Heater Company, and all the co- *311 defendants of Whipple. The defendants, Orville E. Atwood, John O. Bowman and E. H. Whitney, moved the court of common pleas to dissolve the injunction so granted, which motion was heard by the judge of the court at chambers, and was by him overruled. By petition in error in the circuit court, it was assigned as error, that the judge of the court of common pleas erred in his order overruling the motion to vacate the injunction granted on the cross-petition of Whipple. The circuit court dismissed the petition in error, holding, that it had no jurisdiction to review on error the order of the judge of the court of common pleas made at chambers. To reverse the judgment of the circuit court, a petition in error is filed in this court by Orville E. Atwood, John O. Bowman, E. H. Whitney, Quimby S. Backus, and The Backus Portable Steam Heater Company.
It is contended in behalf of the defendant in error, that on the face of the record, there was a misjoinder of plaintiffs in error in the circuit court, and on that ground alone, the petition in that court was properly dismissed. As, in our view, the circuit court had no jurisdiction of the subject matter of the petition in error, it becomes unnecessary to consider the question of misjoinder.
It is provided by section 6, article IY. of the Constitution that: “ The circuit court shall have like original jurisdiction with the supreme court, and such appellate jurisdiction as may be provided by law.” Courts of appellate jurisdiction are defined as those which take cognizance of causes removed from another court by appeal or writ of error. The jurisdiction of the circuit court being fixed by statute, it can exercise none other than that which is expressly conferred. In Haywood v. Collins, 60 Ills. 328, it was held, that where a court of superior jurisdiction exercises statutory powers, it stands on the ground, and is governed by the same rules as courts of limited jurisdiction, which is, that nothing shall be intended to be within the jurisdiction but that which is so expressly alleged. And in Edmiston v. Edmiston, 2 Ohio, 251, it is said by the court: “ The maxim, est boni judiéis ampliare jurisdietionem, does not apply to courts of a limited jurisdic *312 tion, much less to cases of which the jurisdiction is wholly dependent on statutory provision. He would be malus judex who would thus apply it, as it would confound a distinction without which there can be no limits to the power of courts.”
Apply these principles to the case under consideration.
By section 6709 of the Revised Statutes: “A judgment rendered, or final order made by the common pleas court, may be reversed, vacated, or modified by the circuit court, for errors appearing on the record.” Obviously, in the absence of statutory enactment to the contrary, the words “ common pleas court ” do not mean a judge of that court in vacation or at chambers; and an order in a special proceeding made by that court in regular session during the term, is not an order by a judge thereof in vacation or at chambers. The constitution, in section 4, article IV., distinguishes between the common pleas court and the judges thereof, in providing that: “The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law.” The distinction is further; indicated in section 18, article IV. of‘ the constitution, which ordains that, “ The several judges of the common pleas, and of such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law.” In commenting upon the technical phrase “ at chambers,” this court in Pittsburgh, Fort Wayne & Chicago Railway Company v. Hurd, 17 Ohio St. 144, said: “ Jurisdiction at chambers is incidental to, and grows out of the jurisdiction of the court itself. It is the power to hear and determine, out of court, such questions arising between the parties to a controversy, as might well be determined by the court itself, but which the legislature has seen fit to intrust to the judgment of a single judge, out of court, without requiring them to be brought before the court in actual session.” And section 5584 of the Revised Statutes, under which the motion was made to dissolve the injunction granted on the cross-petition of the defendant in error, establishes a .jurisdiction of the judge independent of that of the court, for it enacts that: “ When an injunction has been granted, a party may, *313 at any time before the trial, apply to the court in which the action is pending, or a judge thereof, to vacate or modify the same.”
The act to regulate the practice of the delivery of fugitives from justice, when demanded by another state or territory (72 Ohio L. 79), required the fugitive, when arrested, to be taken before “ any judge of the supreme court, or any judge of the court of common pleas of this state, in whose district or jurisdiction such person so charged may be found, to be examined on such charge; ” and if, on such examination, the proof was adjudged sufficient, such judge was required to commit, etc. In Sheldon v. McKnight, 34 Ohio St. 316, a judge Of the court of common pleas had ordered the sheriff to deliver up Sheldon, as a fugitive from justice, to the duly authorized agent of the state of Missouri. But this court held that the order of delivery sought to be reversed was not made by the court of common pleas, and being an order made by the judge thereof, was not reviewable on error.
Mr. Chitty, in his “ Practice,” vol. 3, p. 19, has observed, that although it would be difficult if not impracticable to trace the inception of the practice, jmt, by long established usage, each of the judges of the courts of King’s Bench, Common Pleas, and Exchequer, has, at common law, and independently of any legislative authority, at his chambers, exercised a very extensive jurisdiction over certain proceedings that arise in conducting an action or defense, and this as well in the vacation as during the four terms.
Judges, as such, being thus permitted to exercise certain of their functions independently of the court in regular session, in determining the appellate jurisdiction of a court authorized to review on appeal or on error an order of the court below, it is not to be inferred, that the legislature intended to embrace under the term “ court ” the independent action of the judge or judges thereof at chambers.
The statute conferring jurisdiction to vacate or modify an injunction, leaves it to a party’s election, to apply for a dissolution of the injunction either to the court in which the action is pending, or to a judge thereof. He is presumed, *314 however, to move with full knowledge of the remedy, whatever it maj»- be, which the law gives, for the correction of any error on the part of the court or judge. If his application to the judge at chambers to vacate the injunction be overruled, in very many cases, it would not operate in furtherance of justice to allow a review on error of the order made at chambers, for, before such review could be had, the court in which the action is pending might determine on final hearing all the issues between the parties.
It will be seen upon an examination of the statutes regulating jurisdiction and procedure in error, that the legislature has defined the appellate jurisdiction of the circuit court in terms significant, when compared with the stated jurisdiction in error of the court of common pleas. By section 6708 of the Revised Statutes, a judgment rendered or final order made by “ a probate court, justice of the peace, or any other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas,” may be reversed, vacated, or modified by the court of common pleas. But section 6709, which provides that a judgment rendered, or final order made by “ the common pleas court,” may be reversed, vacated, or modified by the circuit court, for errors appearing on the record, contains no language, we think, which, by a liberal interpretation, might be held to include an order made by a judge of the court of common pleas in vacation or at .chambers.
In view of promoting effectiveness in the judicial service, it seems to have been the design of the legislature to withhold from the circuit court, the particular and varied jurisdiction in error conferred on the court of common pleas in authorizing it to review the final orders of any other tribunal, board, or officer, exercising judicial functions, and of inferior jurisdiction.
The decisions in this state, to which our attention has been called in the argument in behalf of the plaintiffs in error, do not militate with the views which we have herein expressed. The case of Burke v. Railway Company, 45 Ohio St. 631— holding that an order of the court of common pleas overruling *315 a motion to dissolve an injunction, is an order affecting a substantial right made in a special proceeding, which maybe reviewed on error by the circuit court — did not involve the question of an order in a special proceeding made by a judge of the court of common pleas at chambers.
In King v. King, 38 Ohio St. 370, it was decided, that an allowance of temporary alimony by a judge at chambers is a final order which may be reviewed on error. In that case, the order was made by a judge of the district court at chambers, and was brought on error to this court. It is contended, therefore, that under authority to review on error a final order made by the district court, an order made by a judge thereof at chambers was reviewable. But, when the petition in error was filed in that case, in this court, to wit, on January 24, 1879, section 514 of the Code of Civil Procedure (now amended as in section 6710 of the Revised Statutes) read as follows: “ A judgment rendered, or final order made, by any court, board, or tribunal mentioned in the three preceding sections, may be reversed, vacated, or modified by the supreme court, for errors appearing on the record; but the petition in error, in such case, can be filed only by leave of the supreme court or a judge thereof.” Among the preceding sections 'was section 512, in which a final order was mentioned and defined, and made subject to being vacated, modified or reversed. By virtue of the ample power thus given by section 514, whereby the court might review on error, an order affecting a substantial right made in a special proceeding and mentioned in section 512, the supreme court was clothed with jurisdiction to review the order of the judge of the district court, without confounding the judge at chambers with the court in actual session.
Our opinion is, that the judgment of the circuit court should be affirmed.

Judgment accordingly.